IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JONAS HOLLINS, § | |
| § | |
| Plaintiff, § | |
| § | Case No. |
| vs. § | |
| § | |
| HALLIBURTON COMPANY; § | |
| § | |
| HALLIBURTON ENERGY § | |
| SERVICES, INC. and § | |
| § | |
| § | |
| HALLIBURTON DBS, INC. § | |
| § | TRIAL BY JURY DEMANDED |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff JONAS HOLLINS by and through the undersigned counsel files this Original Complaint against HALLIBURTON COMPANY, HALLIBURTON ENERGY SERVICES, INC., and HALLBURTON DBS, INC., (hereinafter collectively known as "Halliburton"), and in support thereof would show the following:

### I. INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains about retaliation, and discrimination on the basis of race in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e *et seq*.

3. This action seeks equitable relief, compensatory and punitive damages, attorney's fees, taxable court costs, pre-judgment and post-judgment interest.

## II. PARTIES

4. Plaintiff Jonas Hollins is a resident of Tomball, Texas.

5. Defendant, HALLIBURTON COMPANY, is a Delaware corporation headquartered in Houston, Harris County, Texas. It regularly conducts business throughout the State of Texas and is, thus, amenable to jurisdiction in this State. This Defendant may be served with process by service upon its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

6. Defendant, HALLIBURTON ENERGY SERVICES, INC. is a Delaware corporation headquartered in Houston, Harris County, Texas. It regularly conducts business throughout the State of Texas and is, thus, amenable to jurisdiction in this State. This Defendant may be served with process by service upon its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

7. Defendant, HALLIBURTON DBS, INC. is a Delaware corporation headquartered in Houston, Harris County, Texas. It regularly conducts business throughout the State of Texas and is, thus, amenable to jurisdiction in this State. This Defendant may be served with process by service upon its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

## III. VENUE

8. Venue is appropriate in the United States District Court for the Southern District of Texas, in that the Defendant can be said to reside in this district as required under 28 U.S.C. §§ 1391(a)(1) and (c).  Venue is also appropriate because a substantial part of the events or

omissions giving rise to the claim occurred in the Southern District of Texas. *See* 28 U.S.C § 1391(a)(2).

## IV. JURISDICTION

9. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 42 U.S.C. § 1981, and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* for the claims of discrimination on the basis of race and retaliation.

## V. PROCEDURAL REQUISITES

10. All conditions precedent to the filing of this action have been met by Plaintiff. Mr. Hollins timely filed a Charge of Discrimination with the EEOC on or about November 29, 2012. On January 17, 2014, the EEOC issued a Notice of Right to Sue, because more than 180 days had passed since the filing of the charge. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

## VI. COUNT 1: DISCRIMINATION ON THE BASIS OF RACE

11. Plaintiff Jonas Hollins is African-American and was hired on June 20, 2011.

12. Plaintiff worked for Halliburton as an Assembly Welder until he was wrongfully (in violation of 42 U.S.C. § 1981 and Title VII) terminated in 2012.

13. Despite the fact that Plaintiff had hard face welding experience, and was recruited to be a hard face welder, Plaintiff was placed in a seam welding position.

14. Plaintiff continued to perform as a seam welder, but applied for open hard face welding positions to no avail.

15. In March 2012, Plaintiff filed a complaint through the work hotline, Human Resources, and the Plant Manager because he was being discriminated against, harassed, and not given a transfer to hard face welding because of his race, despite his vast experience.

16. A Corporate Representative was sent to the work site to investigate, however nothing changed and there was no resolution.

17. Despite Plaintiff's excellent attendance record and low scrap material levels, Plaintiff continued to be denied the opportunity to transfer into hard face welding.

18. Many similarly situated Caucasian employees made several mistakes, similar to the mistakes cited as causing Plaintiff's termination, without receiving anything resembling the treatment Mr. Hollins received, namely, termination.

19. On November 16, 2012, Plaintiff filed another complaint due to the continued harassing treatment he endured at the hands of Halliburton, and the discrimination by his production group leader.

20. Defendants, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

## VII. COUNT 2: DISCRIMINATION ON THE BASIS OF RETALIATION

21. Plaintiff was moved from welding for two months due to "high" scraps, however, Plaintiff never scrapped any materials.

22. Plaintiff was also continually moved to different areas after his original complaint of discrimination through the work hotline was filed. Other employees, more specifically Caucasian employees were not subjected to similar treatment.

23. Mr. Hollins was also pulled from welding and told he had issues with his eyesight by the company nurse. After going to visit Mann Eye Clinic in Humble, TX, Plaintiff was told by the doctor that his eyesight was fine and it was 20/20.

24. On November 16, 2012, Plaintiff filed another complaint due to the continued harassing treatment he endured at the hands of Halliburton, and the discrimination by his production group leader.

25. On November 28, 2012, twelve days after filing his second complaint, Plaintiff was retaliated against and terminated by the production group leader for allegedly making too many mistakes.

26. Prior to November 28, 2012, Plaintiff was never made aware of any mistakes he made and no one discussed his performance with him.

27. Plaintiff was also never shown the mistakes he allegedly made.

## VIII. DAMAGES

28. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past and future as well as mental anguish.

## IX.  EXEMPLARY DAMAGES

29. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## X. ATTORNEY'S FEES

30. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE and ASSOCIATES, PLLC, 5177 Richmond Ave., Suite 770, Houston, TX 77056, in order to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees

## XI. JURY DEMAND

31. Plaintiff hereby requests a jury trial.

## XII. PRAYER

32. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

b. Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant's violations alleged in this Complaint;

c. Pre-judgment interest at the highest legal rate;

d. Post-judgment interest at the highest legal rate until paid;

e. Back pay;

f. Front pay;

g. Punitive damages;

h. Damages for mental pain and mental anguish;

i. Compensatory damages;

j. Exemplary damages;

k. Attorney's fees;

l. All costs of court expended herein;

m. Such other and further relief, at law or in equity, general or special to which Plaintiff may show she is justly entitled.

Respectfully submitted,

**/s/ Nastasha N. Anderson**
Bruce A. Coane
Texas Bar No. 04423600
S.D. Tex. No. 7205
Nastasha N. Anderson
Texas Bar No. 24080768
S.D. Tex. No  2136432
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 713-850-8528
ATTORNEYS IN CHARGE FOR PLAINTIFF