United States District Court      Southern District of Texas

Jonas Hollins, §
         Plaintiff, §
§
versus §      Civil Action H-14-1004
§
Halliburton Company, et al., §
         Defendants. §

## Order for Disclosure

1. By July 7, 2014, the company will furnish to the worker:

    A. The worker's performance and personnel records. If performance is at issue, the operating records that describe the disciplinary measures taken and a list of co-workers, customers, suppliers, or others who know about the alleged incidents.

    B. The worker's rank, pay, and assignment records for his entire tenure.

    C. The names of persons who made employment decisions involving the worker and the names of their supervisors.

    D. The names of human resources or other employees involved.

    E. An organization chart with names, titles, and job descriptions from two levels above through one level below the worker's position. If there has been a re-organization, furnish a chart for before and after it.

    F. The specifics of the division that employed the worker, including an organization chart illustrating how the division fits within the company.

    G.    The precise name of the worker's actual employer.

    H.    Resumes for workers who replaced the plaintiff or absorbed his work.

    I.    Demographic data on employees who served at the worker's job level and location. Include tenure, experience, education, age, sex, ethnicity, and race.

    J.    Demographic data on the applicants for positions the worker applied for or sought.

    K.    The worker's internal e-mails.

2. By July 7, 2014, the worker will furnish to the company:

    A.    No more than two pages identifying how, when, and by whom he was mistreated. If the claim includes oral characterizations, furnish exact phrasing, witnesses, dates, and places.

    B.    A list of others who can corroborate mistreatment.

    C.    A list of employees who the worker says were treated better than he under similar circumstances.

    D.    The worker's employment history for the ten years before joining or applying to the company.

    E.    A list of sources and amounts of income since the worker left the company.

    F.    A list of positions applied for—including when, where, for what job, and with whom—since leaving the company.

    G.    Notes, calendars, diaries, or journals kept during employment with the company.

   H. A list of all mental and physical health professionals the worker has visited for the last ten years, including the date, place, and reason. Furnish the records—not a release—for each visit that the worker says is causally related to his employment.

   I. An itemization of damages with the method of calculation.

   J. A separate, precise, factual description of the basis for having sued each defendant other than the employer itself.

3. The company and worker will file a *joint* chronology from the time the worker applied to work until he left or sued. This will include only significant events given in an objective, factual form; legal posturing, abstractions, and quibbling will be crushed.

4. The parties may not delay exchanging this information, even by agreement. If a particular in this order does not fit your case, make similar disclosures that reasonably fit your issues.

Signed on May 5, 2014, at Houston, Texas.

*[signature]* USDJ
Lynn N. Hughes
United States District Judge